GODDARD, APPELLANT, *v.* GENERAL MOTORS CORPORATION, APPELLEE, ET AL.

(No. 78-1528—Decided November 14, 1979.)

*Roemisch & Wright Co., L.P.A.,* and *Mr. Thomas R. Chase,* for appellant.

*James, Moore, Douglas & Co., L.P.A.,* and *Mr. William D. Moore,* for appellee.

HERBERT, J. Appellant urges principally that the retail purchaser of a motor vehicle may recover consequential damages when the seller breaches its express warranty, notwithstanding language in the warranty which denies recovery of such damages.

Appellee, General Motors, expressly warranted to owners of 1973 Vega automobiles that "for a period of 12 months or 12,000 miles, whichever first occurs, it***[would] repair any defective or malfunctioning part of the vehicle," and that such repairs would be "performed by any authorized Chevrolet dealer within a reasonable time following delivery of the vehicle to the dealer's place of business." Appellee provided further that it would not be liable for, "[l]oss of time, inconvenience, loss of use of the vehicle or other consequential damages."

In our view, a fair reading of appellee's warranty demonstrates the creation of an express 12 month or 12,000 mile warranty in favor of appellant. See R. C. 1302.26. Furthermore, as authorized by R. C. 1302.93 (A) (1), appellee attempted to limit its liability under the express warranty to the repair and replacement of defective parts. Pursuant to R. C. 1302.93(C), appellee purports to exclude from the face of the express warranty any liability for consequential damages.

In spite of the disfavor which the Uniform Commercial Code (hereinafter Code) places on the limitation of remedies (see R. C. 1302.93 [A] [2], Comment 1), and the presumption which arises that a limiting clause provides a cumulative remedy rather than an exclusive one (R. C. 1302.93, Comment 2), a significant number of authorities have held that

language similar to that in the cause at bar is an adequate expression of the seller's intent to limit the buyer's remedy to the repair and replacement of defective parts. *Clark* v. *International Harvester Co.* (1978), 99 Idaho 326, 581 P. 2d 784, citing *Cox Motor Car Co., v. Castle* (Ky. 1966), 402 S.W. 2d 429; *McCarty* v. *E. J. Korvette, Inc.* (1975), 28 Md. App. 421, 347 A. 2d 253; *Lankford* v. *Rogers Ford Sales* (Tex. Civ. App. 1972), 478 S.W. 2d 248; White & Summers, Uniform Commercial Code, Section 12-9 (1972). But, see, *Ford Motor Co.* v. *Reid* (1971), 250 Ark. 176, 465 S.W. 2d 80.

We hold that this is the result intended in the cause at bar. However, whether in fact such a limitation of remedy provision is effective to preclude recourse to the other remedial provisions of the Code, depends in part on whether the limitation of remedy provision complies with R. C. 1302.93, the enabling statute.

R. C. 1302.93 provides, in applicable part:

"(A) Subject to the provisions of divisions (B) and (C)***:

"(1) The agreement may***limit or alter the measure of damages recoverable***to [the] repair and replacement of non-conforming goods or parts."

Division (B) of R. C. 1302.93 states:

"Where circumstances cause an exclusive or limited remedy to fail of its essential purpose, remedy may be had as provided in Chapters 1301, 1302***of the Revised Code."

Comment 1 to R. C. 1302.93 states that "[u]nder division (B), where an apparently fair and reasonable clause because of the circumstances fails in its purpose or operates to deprive either party of the substantial value of the bargain, it must give way to the general remedy provisions of this Chapter."

Although in most cases a limited remedy may be fair and reasonable, and satisfy the reasonable expectations of a new car purchaser, other courts and some commentators have generally recognized that when a seller is unable to fulfill its warranted obligation to effectively repair or replace defects in goods which are the subject matter of the sale, such as in the instant cause, the buyer is deprived of the benefits of the limited remedy and it therefore fails its essential purpose.

46

*Clark* v. *International Harvester Co., supra* (99 Idaho 326); *Murray* v. *Holiday Rambler, Inc.* (1978), 83 Wis. 2d 406, 265 N.W. 2d 513; *Durfee* v. *Rod Baxter Imports, Inc.* (1978), 262 N.W. 2d 349; *Fargo Machine & Tool Co.* v. *Kearney & Trecker Corp.* (E.D. Mich. 1977), 21 UCC Rep. 80; *Ehlers* v. *Chrysler Motor Corp.* (1975), 88 S.D. 612, 226 N.W. 2d 157; *Eckstein* v. *Cummins* (1974), 41 Ohio App. 2d 1, 321 N.E. 2d 897; *Riley* v. *Ford Motor Co.* (C.A. 5, 1971), 442 F. 2d 670; *Jones & McKnight Corp.* v. *Birdsboro Corp.* (N.D. Ill. E.D. 1970), 320 F. Supp. 39. See White & Summers, Uniform Commercial Code, *supra,* at pages 379-383, Section 12-10.

In *Clark* v. *International Harvester Co., supra,* the court stated, at page 798:

"The purpose of the exclusive repair or replacement remedy is to ensure that the purchaser receives a product which conforms to the express warranty, *i.e.,* that the product is free from defects, and if the product proves defective within the warranty period the seller is obligated to cure the defect within a reasonable time.***[Citations omitted.] If, however, the seller is subsequently unable or unwilling to repair or replace a defective part within a reasonable time, the buyer is left with a defective product—not conforming to the warranty—and the limited remedy has not achieved its purpose. In such circumstances §28-2-719 (2) permits the buyer to pursue the other remedies provided by the UCC if the defect substantially affects the value of the buyer's bargain."

Similarly, the United States Fifth Circuit Court of Appeals applied the Alabama Uniform Commercial Code in *Riley* v. *Ford Motor Co., supra,* a cause which also involved a seller's express warranty limiting the buyer's recourse to the repair or the replacement of defective parts. Upon the seller's inability to remedy at least 14 major and minor defects in the vehicle within a reasonable time, the buyer brought an action for breach of warranty against the Ford Motor Company. The court held that under the circumstances of that cause, it was "unable to conclude that the jury was unjustified in its implicit finding that the warranty operated to deprive the purchaser 'of the substantial value of the bargain.' " *Id.,* at 673.

In *Murray* v. *Holiday Rambler, Inc., supra* (83 Wis. 2d 406), it was held that a warrantor's limited remedy to repair and replace defective parts fails its essential purpose where the cumulative effect of a substantial number of defects within the vehicle substantially impairs the value of the goods to the buyer. In that case, the seller was given a reasonable opportunity to cure the defects but, notwithstanding his efforts, the vehicle failed to operate as should a new vehicle. Under such circumstances, the court concluded that the buyer may then invoke the general remedy provisions of the Code.

In accordance with R. C. 1302.93 (B), we conclude that where a new car express warranty limits a buyer's remedy to repair and replacement of defective parts, but the new car is so riddled with defects that the limited remedy of repair and replacement fails its essential purpose, the buyer may institute an action to recover damages for breach of warranty under R. C. 1302.88 (B) and, in a proper case, incidental and consequential damsges under R. C. 1302.88 (C) and 1302.89. See, *e.g., Adams* v. *J. I. Case Co.* (1970), 125 Ill. App. 2d 388, 261 N.E. 2d 1; *Jones & McKnight Corp.* v. *Birdsboro Corp., supra; Murray* v. *Holiday Rambler, Inc., supra; Ehlers* v. *Chrysler Motor Corp., supra; Fargo Machine & Tool Co.* v. *Kearney & Trecker Corp., supra; Riley* v. *Ford Motor Company, supra;* White & Summers, Uniform Commercial Code, *supra,* Section 10-4 at pages 314-318.

Appellee contends vigorously that, notwithstanding the purchaser's ability to recover direct damages under R. C. 1302.88 (B), the Court of Appeals correctly found the limitation of consequential damages in the express warranty effective to bar appellant's claim for such damages. Appellee argues that the limitation of consequential damages expressed in the warranty should be effective to disclaim such damages under the facts at bar unless to do so would be unconscionable. R. C. 1302.93 (C).

We disagree. Those agreements made pursuant to R. C. 1302.93 (A) which purport to limit a buyer's remedies to the repair or the replacement of defective parts are made subject to the terms of R. C. 1302.93 (B). R. C. 1302.93 (B) provides that where an exclusive remedy fails of its essential

purpose, remedy may be had as provided under the various chapters of Revised Code. This is further explained by Comment 1 to R. C. 1302.93, which states that a limited remedy which fails gives way to the "general remedy provisions" of R. C. Chapter 1302.

In declining to enforce the disclaimer of consequential damages expressed by appellee in its warranty, we take note of the stated purpose of the remedial provisions of the Uniform Commercial Code. R. C. 1301.06 (A) provides that the remedies expressed in the Code should be liberally administered with the view of placing the aggrieved party in as good a position as if the other party had fully performed. Furthermore, the Code indicates that parties who conclude a contract for sale "must accept the legal consequence that there be at least a fair quantum of remedy for breach of the obligations or duties outlined in the contract." R. C. 1302.93, Comment 1.

Our conclusion in this regard is buttressed by the majority of authorities which have ruled upon the validity of a disclaimer for consequential damages when the limited remedy of repair or replacement of defective parts fails its essential purpose. *Murray* v. *Holiday Rambler, supra,* citing at page 526, *Beal* v. *General Motors Corp.* (Del. 1973), 354 F. Supp. 423, *Koehring Co.* v. *A.P.I., Inc.* (E.D. Mich. S.D. 1974), 369 F. Supp. 882; *Reynolds* v. *Preferred Mutual Ins. Co.* (Mass. App. Div. S.D. 1972), 11 UCC Rep. 701; *Ehlers* v. *Chrysler Motor Corp., supra; Clark* v. *International Harvester Co., supra; Adams* v. *J. I. Case Co., supra; Jones & McKnight Corp.* v. *Birdsboro Corp., supra.*

In *Adams* v. *J. I. Case Co., supra* (125 Ill. App. 2d 388),the court, at page 402, predicated its allowance of consequential damages, irrespective of the seller's disclaimer for such damages, upon the following rationale:

"***The manufacturer and the dealer have agreed in their warranty to repair or replace defective parts while also limiting their liability to that extent. Had they reasonably complied with their agreement contained in the warranty, they would be in a position to claim the benefits of their stated limited liability and to restrict plaintiff to his stated remedy. The limitations of remedy and of liability are not

separable from the obligations of the warranty. Repudiation of the obligations of the warranty destroys its benefits.\*\*\*"

The Supreme Court of South Dakota, in *Ehlers* v. *Chrysler Motor Corporation, supra* (88 S.D. 612), held that a seller who fails for an unreasonable length of time to repair a buyer's automobile pursuant to the warranty, cannot in fairness assert the limitation of remedy provision to shield itself from liability under the other remedial provisions of the Code. The court stated, at page 621:

"It is impermissible for appellant to choose which sections of the warranty to be bound by. Appellant Chrysler's actions in breaching the warranty by refusing to honor its obligations under it has caused the limited remedy of repair and replacement 'to fail of its essential purpose'. It necessarily follows that plaintiff-respondent is entitled to seek damages for incidental and consequential losses caused by appellant's breach."

We find the above-cited authorities persuasive and therefore reverse that portion of the judgment of the Court of Appeals which disallowed appellant's claim for consequential damages. However, as did the Court of Appeals, we remand the cause to the trial court for the purpose of adducing evidence upon the amount of direct and consequential damages properly recoverable.[2]

The judgment of the Court of Appeals is affirmed in part and reversed in part.

*Judgment affirmed in part*
*and reversed in part.*

CELEBREZZE, C. J., W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.

---

[2] The Court of Appeals correctly noted that the ordinary measure of damages for a buyer in a breach of warranty action is specified by R. C. 1302.88 (B), which states:

"The measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount."

R. C. 1302.88 (C) provides, however, that the buyer may recover "[i]n a proper case any incidental and consequential damages under section 1302.89 of the Revised Code\*\*\*."