EVANS ET AL., APPELLEES, *v.*
GRAHAM FORD, INC., APPELLANT;
FORD MOTOR CO., APPELLEES.

(No. 80AP-829—Decided June 30, 1981.)

*Messrs. Sheward & Weiner* and *Mr. Richard S. Sheward,* for appellees Evans.

436

*Messrs. Porter & Reckless* and *Mr. Walter W. Reckless,* for appellant.

*Messrs. Porter, Wright, Morris & Arthur, Mr. James Oliphant* and *Mr. Mason Evans,* for appellees Ford Motor Co.

McCORMAC, J. Plaintiffs filed a complaint in Franklin County Common Pleas Court against Graham Ford, Inc. (Graham), and Ford Motor Company (Ford) for damages of $9,461.45 for breach of various warranties in regard to the purchase of a 1978 Ford pickup truck. Punitive damages were also sought. The gist of the complaint was that the Ford truck purchased from Graham on March 21, 1978 was not fit for its intended use and not of merchantable quality because of defects in workmanship that Graham was unable to remedy, which caused plaintiffs to revoke their acceptance of the truck. The complaint also alleged that a disclaimer of warranty by Graham was unconscionable and void.

Graham and Ford asserted denial and affirmative defenses and the case was tried to the court, a jury having been waived. The court rescinded the contract between plaintiffs and Graham and ordered Graham to return to plaintiffs the sales price of $9,461.45. The court further found that Ford's limited warranty accompanying the sale of the truck failed its essential purpose and that Ford's warranty of all parts of the vehicle manufactured by it is still in effect.

Graham has appealed, asserting the following assignments of error:

"I. The Trial Court erred and/or abused its discretion in ordering the contract rescinded without requiring Plaintiff Evans to restore title to the truck in Defendant Graham free and clear of all liens and encumbrances.

"II. The Trial Court erred and/or abused its discretion in determining that Plaintiff Evans could revoke acceptance of the truck without requiring him to restore title of the truck in Defendant Graham free and clear of all liens and encumbrances.

"III. The Trial Court erred and/or abused its discretion in: (i) ordering the contract between Plaintiff Evans and Defendant Graham rescinded; or (ii) ordering that Plaintiff Evans could revoke acceptance under Ohio Revised Code Section 1302.66.

"IV. The Trial Court erred in holding that the remedies of rescission and/or revocation of acceptance are not applicable against the Ford Motor Company, the manufacturer.

"V. The Trial Court erred and/or abused its discretion in holding that the warranty disclaimer provisions in the purchase contract between Evans and Graham were unconscionable."

Plaintiffs bought a 1978 F-150 pickup truck from Graham on March 21, 1978. The pickup truck had been manufactured by Ford and shipped to Treanor's Trailer and Outdoor Center (Treanor) in Flint, Michigan for conversion. It was converted with a special top and other conversion items for van use with a walk through door from the cab to the body of the truck. Graham received the Ford vehicle converted and sold it to plaintiffs for $9,461.45, most of which was financed with City National Bank, which placed a lien on the title. Plaintiffs told the salesman for Graham that they needed the vehicle to pull a horse trailer and it was sold for that purpose. It was the understanding of plaintiffs that there was a 12,000 mile and twelve months warranty on the vehicle, without differentiation between parts warranted by Ford as opposed to Treanor. In writing on the purchase order, the following box was checked:

"NEW CAR: DISCLAIMER OF WARRANTY

"All warranties on this product, or products, if any, are those of the manufacturers, the seller, Graham Ford, Inc., hereby expressly disclaims all warranties, either express or implied, including any implied warranty of merchantability or fitness for a particular purpose and Gra-

ham Ford, Inc., neither assumes nor authorizes any other person to assume for it any liability in connection with the sale of the product. This disclaimer in no way affects the provisions of the manufacturer's warranties."

As stated before, plaintiffs could reasonably have assumed from Graham's salesman, despite that language, that the entire vehicle was warranted for the first 12,000 miles or twelve months, whichever came first. It is not clear that plaintiffs were even aware of Treanor or of a possibility of a separate warranty from it. Treanor was not a manufacturer.

Rodney Evans testified that he had a great many problems with the truck from the inception. He had the vehicle back to Graham for repair five or six times and stated that the repairs were not successful. The truck was out of service for a substantial period of time because of problems. Part of the problems were those relating to the conversion of the truck by Treanor and part were defects in the truck itself. While Evans was attempting to use the truck for towing purposes, the bumper broke. Plaintiffs were later told that the vehicle was not suitable for that use, which would frustrate the purpose for which they purchased the truck. In short, plaintiffs' evidence was sufficient to show that there were many defects with the vehicle, including a basic defect in the fitness of the vehicle for the purpose for which it was expressly purchased. On July 15, 1978, plaintiffs left the vehicle with Graham with a statement that they were revoking their acceptance of the truck. At that time, plaintiffs had used the truck about three months, less time it was not usable because of defects and repairs, and had driven it for about 6,000 miles. Graham refused to accept the truck back and notified plaintiffs that they were liable for a $5.00 a day storage charge of the vehicle.

The first issue is whether the trial court erred in allowing revocation of acceptance by plaintiffs against Graham (while the trial court referred to rescission, plaintiffs sought revocation of acceptance pursuant to R.C. 1302.66 which appears to be what was allowed by the trial court). R.C. 1302.66 provides, as pertinent, as follows:

"(A)  The buyer may revoke his acceptance of a lot or commercial unit whose non-conformity substantially impairs its value to him if he has accepted it:

"(1)  on the reasonable assumption that its non-conformity would be cured and it has not been seasonably cured; or

"(2)  without discovery of such nonconformity if his acceptance was reasonably induced either by the difficulty of discovery before acceptance or by the seller's assurances.

"(B)  Revocation of acceptance must occur within a reasonable time after the buyer discovers or should have discovered the ground for it and before any substantial change in condition of the goods which is not caused by their own defects. It is not effective until the buyer notifies the seller of it.

"(C)  A buyer who so revokes has the same rights and duties with regard to the goods involved as if he had rejected them."

There was evidence of all the elements necessary to allow revocation of acceptance by plaintiffs. Plaintiffs purchased a truck which contained numerous defects. Plaintiffs reasonably assumed that the defects would be cured but, despite giving Graham adequate opportunities to do so, they were not cured. Moreover, the truck was purchased for a specific use and later discovered to be unsuitable for that use. Within a reasonable time after discovering the non-conformity of the truck and that Graham was unable or unwilling to remedy the defects that had substantially impaired the value of the truck, plaintiffs revoked the acceptance of it to Graham. Revocation of acceptance, if proper, gives the buyers the same rights as if they had initially rejected the goods purchased. Plaintiffs'

rights were to declare the contract void and to be placed in the same position as they were prior to entering into the contract. The time which plaintiffs had the vehicle and the miles placed on it were factors to be considered in determining whether revocation of acceptance occurred within a reasonable time but were not controlling. There was ample evidence for the trial court to find that revocation of acceptance of the truck under plaintiffs' contract with Graham had taken place in accordance with the requirements of R.C. 1302.66.

Appellant's third assignment of error is overruled.

Appellant contends that the trial court erred or abused its discretion in holding that the warranty disclaimer of Graham was void as unconscionable. Graham disclaimed any warranties on its part, stating in essence in its disclaimer that all warranties were those of the manufacturer. No differentiation was made in the written warranty disclaimer between the warranties of Ford and Treanor. Only the manufacturer, Ford, was referred to although the truck was sold as a new single component. Graham contends that if there were breach of warranties, the parties who breached the warranties were Ford and/or Treanor. Graham also contends that its disclaimer bars any claim for breach of a warranty of fitness for purpose in regard to the use of the vehicle for towing a horse trailer.

R.C. 1302.15, relating to unconscionable contracts or clauses, provides as follows:

"(A) If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result.

"(B) When it is claimed or appears to the court that the contract or any clause thereof may be unconscionable the parties shall be afforded a reasonable opportunity to present evidence as to its commercial setting, purpose, and effect to aid the court in making the determination."

According to the official comment to R.C. 1302.15, "* * * The basic test is whether, in the light of the general commercial background and the commercial needs of the particular trade or case, the clauses involved are so one-sided as to be unconscionable under the circumstances existing at the time of the making of the contract. * * *" In this case, there was evidence from which the court could find unconscionability. The vehicle was sold by Graham as a single unit, warranted for 12,000 miles or twelve months. The disclaimer refers only to the manufacturer, Ford, whose warranties were limited to its parts and not Treanor's conversion. Graham sold the truck for an express purpose known to it at the time of sale, yet, according to the evidence, the vehicle was unfit for that purpose. Graham presented no evidence relating to its commercial needs for such a broad and facially unfair disclaimer as applied to the facts of this case. Thus, the trial court was justified in finding the disclaimer unconscionable and unenforceable. See *Goddard* v. *General Motors Corp.* (1979), 60 Ohio St. 2d 41 [14 O.O.3d 203].

Appellant's fifth assignment of error is overruled.

Appellant's first and second assignments of error are combined for discussion as they are interrelated.

The trial court ordered rescission of the contract and the return by Graham to plaintiffs of the contract sales price of $9,461.45. Nothing is said in the judgment entry about plaintiffs' requirement to convey their interest in the truck to Graham or what happens with the lien of City National Bank on the vehicle and the obligation of plaintiffs to City National Bank.

The intent of the trial court in grant-

ing revocation of acceptance in accordance with R.C. 1302.66 was to place plaintiffs in the same position with regard to the truck as if they had initially rejected it. R.C. 1302.66(C). If there had been an initial rejection of the truck, no contract would have resulted and plaintiffs would not have mortgaged the vehicle to City National Bank or obligated themselves or made payments for the vehicle.

Plaintiffs have not paid $9,461.45. Plaintiffs made a down payment on the truck and made some payments to City National Bank. City National Bank was not a party to the litigation and City National Bank's rights still pertain both against the vehicle and plaintiffs.

Graham contends that, before it returns the contract sales price of $9,461.45 to plaintiffs, plaintiffs have an obligation to deliver to it a title free and clear of all liens and encumbrances. That contention is not well founded in its entirety, but is partly correct. Plaintiffs are entitled only to the payment by Graham of all amounts which they have paid to either Graham or City National Bank in regard to the 1978 Ford truck. Plaintiffs are entitled to be held harmless by Graham from any further obligations to City National Bank in regard to the purchase of the truck. Graham is entitled to have plaintiffs assign to it, in the manner provided by law, all of their interest in the 1978 Ford truck. No further damages are to be allowed plaintiffs as the trial court found that plaintiffs were not entitled to consequential damages as the use (6,000 miles) that they had made of the truck prior to revocation of acceptance compensated them for these damages.

Appellant's first and second assignments of error are sustained to the extent that the judgment entry is to be revised by calculating the amount of payments that plaintiffs have made both to Graham and to City National Bank in regard to the

purchase and financing of the truck, and those amounts are to be paid by Graham to plaintiffs in return for plaintiffs' assignment to Graham of all their interest in the motor vehicle. Graham is also ordered to hold plaintiffs harmless from any obligations to City National Bank in regard to this vehicle.

Graham finally contends that the trial court erred in holding that the remedies of rescission and/or revocation of acceptance are not applicable against Ford, the manufacturer. The trial court found that Ford's warranty is still in effect. Graham did not assert a cross-claim against Ford so the rights and obligations between those parties have not been determined. However, the trial court entered a binding judgment, finding Ford's warranties are still in effect apparently to be enforced by Graham, if proper. It is unnecessary for us to determine whether the plaintiffs could revoke acceptance of the truck against Ford as well as Graham, as Graham has failed to establish any prejudice to itself from the trial court's failure to revoke acceptance against Ford. Plaintiffs gave notice of revocation of acceptance only to Graham. The trial court did not err in failing to consider whether revocation of acceptance would also apply against Ford.

Appellant's fourth assignment of error is overruled.

Appellant's first and second assignments of error are partially sustained as noted in the decision. Appellant's third, fourth and fifth assignments of error are overruled. The judgment of the trial court is affirmed as modified. The case is remanded to the trial court for any procedure necessary to accomplish the modification ordered in this decision.

*Judgment affirmed as modified and case remanded.*

WHITESIDE and REILLY, JJ., concur.