**MATCO MACHINE AND TOOL COMPANY, Appellee,**

v.

**CINCINNATI MILACRON COMPANY, Appellant.**

**No. 82–2294.**

United States Court of Appeals, Eighth Circuit.

Submitted June 16, 1983.

Decided May 9, 1984.

Armstrong, Teasdale, Kramer & Vaughan, John P. Emde, Wilbur L. Tomlinson, John P. Emde, St. Louis, for appellant.

Shepherd, Sandberg & Phoenix, P.C., John C. Shepherd, Kenneth W. Bean, St. Louis, Mo., for appellee Matco Mach. & Tool Co.

Before ROSS and McMILLIAN, Circuit Judges, and HANSON,* Senior District Judge.

* The Honorable William C. Hanson, United States Senior District Judge for the Northern and Southern Districts of Iowa, sitting by designation.

McMILLIAN, Circuit Judge.

Cincinnati Milacron Co. (Milacron), an Ohio corporation, appeals from a final judgment in the amount of $189,750 entered against it in the District Court[1] for the Eastern District of Missouri. Judgment was entered upon a jury verdict for breach of an express warranty by Milacron incident to the sale of an automated machining center to Matco Machine and Tool Co. (Matco), a Missouri corporation. Judgment for Milacron in the amount of $69,446.82 was entered on its counterclaim for the balance due on a promissory note executed by Matco for the purchase of the machining center. Ohio law is applicable to this case pursuant to a choice of law provision in the agreement between the parties.

For reversal Milacron argues that the district court erred in instructing the jury by (1) improperly characterizing various instructions in prefatory remarks, and (2) incorrectly instructing the jury on the issues of a warranty condition, a limitation of liability clause, the measure of damages, and consequential damages. For the reasons discussed below, we affirm the judgment of the district court.

Matco is a machine shop, or a "job shop," which manufactures machine parts for third parties. In April 1977, Milacron presented a written proposal to Matco for the sale of a numerically controlled Series 15HC–2500 machining center. The 15HC is a sophisticated piece of equipment, providing three axis positioning and contouring capability, used to manufacture machine parts. The proposal warranted that the 15HC would provide unidirectional positioning accuracy of ±.0005″ and repeatability accuracy of ±.0003″ for each linear axis. These accuracies were "dependent upon the installation of the ... 15HC ... on a proper foundation." The proposal stated that "[r]ecommended foundation information will be supplied in the form of foundation

1. The Honorable Clyde S. Cahill, United States District Judge for the Eastern District of Missouri.

drawings mailed prior to machine shipment."

The Terms and Conditions Domestic, attached to the proposal, contained a limitation of liability clause which limited Milacron's liability for breach of warranty to repair or replacement of defective products or parts thereof and specifically excluded liability for consequential damages.

In May 1977, Matco accepted Milacron's proposal, and delivery of the 15HC was scheduled for May 1978. In November 1978, Matco executed a promissory note and security agreement in favor of Milacron for the purchase price of $238,980, and in December 1978 the 15HC was delivered. There is conflicting evidence as to when Matco received the foundation drawings from Milacron. In any event, Matco decided to install the unit on a special steel plate and not on a concrete foundation as recommended in Milacron's drawings. Representatives from Milacron assisted in the installation of the 15HC on the steel plate.

A variance in one of the axes was soon discovered. Matco informed Milacron of this defect and was told that the problem was due to the lack of a concrete foundation. Matco then constructed a foundation in conformity with the Milacron drawings and reassembled the machining center on the new foundation in the latter part of March or the early part of April 1979. The variance in the axis, however, persisted despite numerous repair efforts by both Milacron and Matco. It is not disputed that this variance represented a breach of the express warranty regarding accuracy.

In May or June 1979, Caterpillar Tractor Co. cancelled a parts contract it had awarded to Matco because Matco could not demonstrate at that time that it could deliver the part in sufficient quantity and quality. In June 1979, Milacron offered to replace the 15HC within six months to one year, but this offer was rejected by Matco. Finally, in January 1980, Matco sold the 15HC on an exchange basis through a machinery broker. Matco received $400,000 credit for the 15HC which was applied to the purchase of a different machining center, received by Matco in January 1981.

Milacron does not challenge the sufficiency of the evidence to support the jury verdict but rather argues that several instructional errors were made by the district court warranting reversal.

## DISTRICT COURT'S PREFATORY REMARKS

Milacron first argues that the district court, in its reading of the instructions to the jury, unduly highlighted portions of the charge important to Matco, while minimizing other portions critical to Milacron. The district court introduced the first seven instructions (of the thirteen instruction charge), including a credibility of witnesses instruction and an instruction on expert testimony, as "boilerplate" and "standard instructions that were selected for this particular case but not necessarily drafted for it and they deal with general principles of law." The court prefaced the next three instructions as follows: "Now the next three instructions which I am going to read to you are called the verdict director instructions. These instructions go to the heart of the case and they deal specifically with the law in this particular case." Milacron argues that this characterization of the instructions slighted the credibility determinations crucial to Milacron's case and influenced the jury to accept Matco's theory of the case.

No objection to the manner in which the district court prefaced the instructions was made at trial even though counsel were given the opportunity to do so after the instructions were read and before the verdict form was given to the jury. Milacron thus gave the district court no opportunity to consider Milacron's concern and perhaps take some corrective measures, if it so saw fit. We are unpersuaded by Milacron's argument that the district court's remarks were so prejudicial and egregious as to render any corrective measure futile. Actually, we are unconvinced that the challenged remarks were prejudicial at all. We therefore rule against Milacron on this point.

SUBSTANTIVE CHALLENGES

We next examine Milacron's substantive challenges to the instructions themselves. As a preliminary matter we note that although Ohio law determines the substance of the jury instructions in this diversity action, the grant or denial of instructions and the test for sufficiency of the evidence to justify submission of an issue to the jury are matters of federal law and the Federal Rules of Civil Procedure. *E.g., McGowne v. Challenge-Cook Bros.*, 672 F.2d 652, 662 (8th Cir.1982); *Wright v. Farmers Co-op*, 620 F.2d 694, 697 (8th Cir.1980); *Kicklighter v. Nails by Jannee, Inc.*, 616 F.2d 734, 740 (5th Cir.1980).

### Condition Precedent in the Warranty

Milacron first argues that the district court erred by failing to instruct the jury that in order to recover under the express warranty, Matco had to comply with the proper foundation condition upon which the warranty was dependent.

■ A party relying on an express warranty under Article 2 of the Uniform Commercial Code, enacted in Ohio at Ohio Rev.Code Ann. §§ 1302.01–.98 (Page 1979), must show performance of conditions upon which the right to assert the warranty depends, excuse of performance, or waiver thereof. *See Southern Illinois Stone Co. v. Universal Engineering Corp.*, 592 F.2d 446, 452 (8th Cir.1979) (applying Illinois law); *Melcher v. Boesch Motor Co.*, 188 Neb. 522, 198 N.W.2d 57, 61 (1972). In the present case, however, there is no dispute that by the early part of April 1979, the 15HC was installed on a concrete foundation in conformance to Milacron's own recommendations. It is also undisputed that for several months thereafter the 15HC would not hold the positioning and repeatability accuracies as represented in the proposal. Thus there was no question of fact for the jury as to whether Matco complied with the foundation requirements, and the district court was justified in not submitting this issue to the jury. *See Hallberg v. Brasher*, 679 F.2d 751, 754 (8th Cir.1982).

### Limitation of Liability Clause

Milacron next argues that the district court erred in failing to instruct the jury that Matco could only recover direct damages (difference between the value of the machining center as accepted and its value as warranted) and consequential damages (*e.g.*, loss of profits) if the limitation of liability clause in the Terms and Conditions Domestic failed of its essential purpose.

■ Ohio law recognizes that a seller may validly limit its liability under an express warranty to the repair and replacement of defective products or parts. Ohio Rev. Code Ann. § 1302.93(A)(1) (U.C.C. 2–719); *Goddard v. General Motors Corp.*, 60 Ohio St.2d 41, 396 N.E.2d 761 (1979). However, "where circumstances cause an exclusive remedy to fail of its essential purpose," the buyer may recover direct damages as well as consequential damages notwithstanding an express contract provision excluding such damages. Ohio Rev.Code Ann. § 1302.93(B); *Goddard v. General Motors Corp.*, 396 N.E.2d at 765–66. Comment 1 to § 1302.93 states that "where an apparently fair and reasonable clause because of circumstances fails of its purpose or operates to deprive either party of the substantial part of the bargain, it must give way to the general remedy provisions of this Chapter." *See, e.g., Eckstein v. Cummins*, 41 Ohio App.2d 1, 321 N.E.2d 897, 904 (1974) (seller's inability to remedy defects in automobile invalidated limitation of remedy clause), *rev'd on other grounds*, 46 Ohio App.2d 192, 347 N.E.2d 549 (1975). *See also Fargo Machine & Tool Co. v. Kearney & Trecker Corp.*, 428 F.Supp. 364, 381–83 (E.D.Mich.1977) (limitation of buyer's remedy to repair or replacement of automated machining center inoperative where defect was not cured).

■ In the present case, the instructions to the jury did not predicate an award of direct damages upon a finding that the repair and replacement remedy failed of its essential purpose. Although neither Milacron's own proferred instructions nor its objections to the district court's instructions precisely identified this error,

we believe that Milacron did make the trial court aware of its position, thus preserving the error for review. *See, e.g., Otten v. Stonewall Insurance Co.*, 511 F.2d 143, 146 (8th Cir. 1975).

In reviewing this assignment of error, we must look to the instructions as a whole and consider the overall charge to the jury. *Fields v. Chicago, Rock Island & Pacific R.R.*, 532 F.2d 1211, 1213–14 (8th Cir.1976). In the present case the jury *was* required to find that Milacron "was given the opportunity to but failed, refused or was unable to cure defects in the 15HC–2500 machining center within a reasonable time" in order to award Matco consequential damages. The jury verdict was a general verdict and, given the facts of this case, it clearly reflects an award of consequential damages. The jury therefore had to have made the requisite finding of failure of the limitation of liability clause. We thus find no reversible error on this point.

*Measure of Damages*

Milacron argues that the damages instructions did not correctly set forth the measure of damages in this breach of warranty case. In the instruction on the measure of direct damages, the jury was told that if it found that Matco sold the 15HC it "may consider the amount of any such payment to Matco in determining the amount of damages, if any, which [it] award[s] to Matco under this instruction given by the court." This reference to the resale by Matco of the 15HC was not repeated in the instruction on consequential damages. Milacron argues firstly that the use of the word "may" instead of "should" or "must" was erroneous and secondly, that because the district court read the number of each instruction, the words "this instruction" incorrectly limited the jury to considering the resale proceeds in determining direct damages only.

This allegation of error has not been preserved for appellate review because Milacron failed to object thereto before the district court as required by Fed.R.Civ.P. 51. In this circuit, the plain error exception

to compliance with Rule 51 is narrow and "confined to the exceptional case where the error has seriously affected the fairness, integrity, or public reputation of judicial proceedings." *Rowe International, Inc. v. J–B Enterprises, Inc.*, 647 F.2d 830, 835 (8th Cir.1981); *Wright v. Farmers Co-op*, 620 F.2d at 699. We have examined the challenged instructions and hold that while they are not precisely correct, the error has not seriously affected the fairness of the proceedings.

*Consequential Damages*

Milacron's final argument on appeal is that the instruction on consequential damages gave the jury a roving commission in that it gave a general definition of consequential damages without tying it to any specific evidentiary facts. Milacron also argues that the instruction contained words of art unintelligible to the average juror. The challenged instruction closely follows the statutory language on consequential damages and is a clear and accurate statement of the law. We also think the instruction gave adequate guidance to the jury.

Accordingly, we affirm the judgment of the district court.