OPINION
Appellant Victor Kademenos is appealing the decision of the Richland County Court of Common Pleas that found appellant was not entitled to damages or attorney fees stemming from the lease of a 1995 vehicle from Mercedes-Benz of North America, Inc. ("Mercedes-Benz") but was entitled to the repair of the problem under the express warranty issued by Mercedes-Benz. The following facts give rise to this appeal.
On May 15, 1995, appellant leased the vehicle at issue, a 1995 Mercedes E420W sedan, from Weidner Motors. The vehicle had a four-year, 50,000 mile bumper to bumper warranty. The monthly lease payment was $718.73. Appellant experienced numerous problems with the vehicle, which included vibration at high speeds. Appellant claims Mercedes-Benz never resolved the vibration problem.
As a result of these problems with the vehicle, appellant filed a lawsuit against Mercedes-Benz on June 18, 1997. Appellant's lawsuit is based on two separate statutes: Ohio's Lemon Law statute, R.C. 1345.71 et seq. and the Magnuson-Moss Warranty Act for breach of express and implied warranties. In his complaint, appellant requested Mercedes-Benz to accept return of the car and pay him damages in the amount of $22,999.36 for monthly payments he made to Mercedes-Benz; $3,034.00 for car insurance premiums; and $89.08 for taxes involved with the lease. Appellant claims he received $3,200.00 worth of use of the car which should be subtracted from the amount of damages he is seeking, for a total of $22,922.44.
A magistrate heard this matter on January 16 and 19, 1998. The magistrate issued his decision on April 15, 1998, finding appellant did not prove a violation of Ohio's Lemon Law, appellant did not establish a claim under Mercedes-Benz's limited warranty, and appellant did not prove damages. The magistrate determined appellant was only entitled to have his car repaired under the limited warranty. Appellant timely filed objections to the magistrate's decision on April 19, 1998. Appellee filed objections on May 11, 1998, which the trial court found to be untimely. On June 2, 1998, the trial court issued a judgment entry sustaining appellant's objections only to the extent that it is not necessary in every Lemon Law case to meet one of the subdivisions of R.C. 1345.73. The trial court overruled appellant's remaining objections.
Appellant timely filed his notice of appeal and appellee filed a cross-appeal. The parties raise the following assignments of error for our consideration:
 I. THE TRIAL COURT ERRED IN DETERMINING THAT THE MERCEDES-BENZ EXPRESS WARRANTY'S LIMITED REMEDY OF REPAIR (OR DAMAGES EQUAL TO THE COST TO REPAIR) WHAT WAS PROVEN TO BE AN UNREPAIRABLE WARRANTY NON-CONFORMITY REMAINED THE SOLE REMEDY AVAILABLE TO THE CONSUMER PLAINTIFF UNDER THE FEDERAL MAGNUSON-MOSS CONSUMER PRODUCT WARRANTY ACT.
 II. THE TRIAL COURT AND MAGISTRATE ERRED IN THEIR INTERPRETATION OF A CLAIMANT'S BURDEN OF PROOF UNDER OHIO'S LEMON LAW.
 III. THE TRIAL COURT ERRED IN DENYING THE PLAINTIFF RECOVERY OF ATTORNEYS (SIC) FEES AND COSTS AS A PREVAILING PARTY.
 Cross-Appeal
 I. THE TRIAL COURT ERRED IN HOLDING THAT THE VIBRATION IN APPELLANT'S MOTOR VEHICLE WAS NOT REPAIRED IN ACCORDANCE WITH MERCEDES-BENZ OF NORTH AMERICA, INC.'S LIMITED WARRANTY.
 I
In his first assignment of error, appellant maintains the trial court erred when it determined he was limited to repair of the vehicle under Mercedes-Benz's express warranty. Appellant contends he was entitled to monetary damages which should have been based on the difference in value between what he paid for the vehicle and what it was worth to him in its defective, non-conforming condition. Appellant argues he presented sufficient, unrebutted testimony to determine the measure of damages. We disagree.
In his decision, the magistrate found that appellant established a cause of action under the Magnuson-Moss Warranty Act. Magistrate's Decision, April 15, 1998, at 11. However, the trial court determined that appellant failed to present any evidence regarding the cost to repair the car or to repair the nonconformity and therefore, appellant was not entitled to an award of monetary damages. Id. at 10.
The trial court did not find, as claimed by appellant, on appeal, that it could not award monetary damages under the Magnuson-Moss Warranty Act because the Act did not provide for such damages. Rather, as noted above, the trial court determined appellant was not entitled to monetary damages because he failed to present evidence in support of those damages. 15 U.S.C. § 23104(d)(1) specifically provides that a consumer may bring a claim "* * * for damages and other legal and equitable relief * * *."
Appellant also argues that when the limited warranty of repair and replacement fails, the limited warranty should be disregarded and a full remedy is available to the damaged party. In support of this argument, appellant cites the case of Goddardv. General Motors Corp. (1979), 60 Ohio St.2d 41. We agree that when a remedy fails a consumer may institute an action for damages, but according to the Ohio Supreme Court, this action is limited to damages for breach of warranty under R.C. 1302.88(B) and incidental consequential damages under R.C. 1302.88(C) and R.C. 1302.89. The Ohio Supreme Court held in the syllabus ofGoddard:
 Where a new car express warranty limits a buyer's remedy to repair and replacement of defective parts, but the new car is so riddled with defects that the limited remedy of repair and replacement fails its essential purpose, the buyer may institute an action to recover damages for breach of warranty under R.C. 1302.88(B) and, in a proper case, incidental consequential damages under R.C. 1302.88(C) and 1302.89.
However, even under the Goddard holding, appellant would still be required to present evidence in support of his claim for damages. Appellant failed to do this in the case sub judice. Accordingly, we overrule appellant's first assignment of error.
Appellant's first assignment of error is overruled.
 II
In his second assignment of error, appellant maintains the trial court erred in its interpretation of his burden of proof under Ohio's Lemon Law. We agree.
Specifically, appellant argues the trial court erroneously determined R.C. 1345.73 is a required element of proof to prevail on a Lemon Law claim. This statute provides, in pertinent part:
 It shall be presumed that a reasonable number of attempts have been undertaken by the manufacturer, its dealer, or its authorized agent to conform a motor vehicle to any applicable express warranty if, during the period of one year following the date of original delivery or during the first eighteen thousand miles of operation, whichever is earlier, any of the following apply: * * *.
This Court has previously determined, in the case of Stepp v.Chrysler Corp. (Nov. 7, 1996), Knox App. No. 95CA000052, unreported, that:
 R.C. 1345.73 merely establishes a statutory presumption as to what constitutes a reasonable number of repair attempts by the manufacturer. The statute does not obviate the requirement that the claimant prove a non-conformity which substantially impairs the use, safety, or value of the vehicle pursuant to R.C. 1345.72(B). Id. at 2.
Based on our interpretation of R.C. 1345.73 and our previous decision in Stepp, we remand this issue to the trial court for the court to address R.C. 1345.73 as a presumption rather than a required element of proof.
Appellant's second assignment of error is sustained.
 III
In his final assignment of error, appellant contends the trial court erred when it denied him recovery of attorney fees and costs as a prevailing party. We disagree.
Under Ohio's Lemon Law and the Magnuson-Moss Warranty Act, the award of attorney fees, to a prevailing party, is within the sound discretion of the trial court. Eckman v. Columbia
Oldsmobile, Inc. (1989), 65 Ohio App.3d 719, 722. Therefore, we will not reverse the trial court's decision not to award attorney fees unless the trial court acted unreasonably, arbitrarily or unconscionably. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219.
Although appellant was successful in that the trial court found he was entitled to have his car repaired under the limited warranty, appellant was not the prevailing party because, in his complaint, he sought Mercedes-Benz to accept return of the car and pay him damages in the amount of $22,999.36 for monthly payments he made to Mercedes-Benz; $3,034.00 for car insurance premiums; and $89.08 for taxes involved with the lease. The trial court did not award appellant any monetary damages. Therefore, having failed to obtain any of the relief he sought in the trial court, we find the trial court did not abuse its discretion when it denied appellant's request for attorney fees.
Appellant's third assignment of error is overruled.
 Cross-Appeal
Appellee claims, in its cross-appeal, the trial court erred in finding the vibration in appellant's car was not repaired in accordance with appellee's limited warranty.
We are unable to address the merits of this appeal due to appellee's failure to timely file objections to the magistrate's decision. Civ.R. 53(E)(3)(a) provides a party may, if it so desires, file objections to a magistrate's decision within fourteen days of the filing of the decision. Further, Civ.R. 53(E)(3)(b) provides that "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule."
In the case sub judice, appellee failed to timely file objections to the magistrate's decision. Therefore, according to the express terms of Civ.R. 53(E)(3)(b), appellee has waived its right to appeal the trial court's adoption of those findings and conclusions to this Court.
For the foregoing reasons, the judgment of the Court of Common Pleas, Richland County, Ohio, is hereby affirmed in part, reversed in part and remanded for proceedings consistent with this opinion.
By: Wise, P.J., Gwin, J. And Reader, V.J., concur.
______________________________
______________________________
 ______________________________ JUDGES
JWW/d 216
JUDGMENT ENTRY
CASE NO. 98 CA 50
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.
______________________________
______________________________
 ______________________________ JUDGES