ECKSTEIN, APPELLEE, *v.* CUMMINS, APPELLANT; MAUMEE VALLEY DODGE, APPELLEE.

(No. 7815—Decided February 24, 1975.)

*Mr. Arthur Wilkowski,* for appellee Richard Eckstein.
*Mr. Thomas G. Papps,* for appellant.
*Messrs. Fuller, Henry, Hodge & Snyder* and *Mr. Richard S. Baker,* for appellee Maumee Valley Dodge.

BROWN, J. Defendant appeals from a judgment in favor of plaintiff in the sum of $3,461.54 for breach of warranty by defendant incident to the sale to plaintiff of a 1971 Dodge Dart. The breach of warranty arose out of defendant's failure or inability to remedy defects, a whirring hum in the motor when the Dodge attained a certain speed. The amount awarded represented the original purchase price of the Dodge.

This case reached this court on an earlier appeal wherein the judgment of the trial court in favor of plaintiff was affirmed on the breach of warranty issues, but the part of the judgment concerning the amount of damages was reversed. The court in the original trial had awarded a judgment for plaintiff and ordered defendant to replace the automobile or to refund the purchase price of $3,461.54 with interest from the date of the sale. See *Eckstein v. Cummins* (1974), 41 Ohio App. 2d 1.

The written opinion of this court accompanying our reversal stated that the correct measure of damages was the difference in value of the 1971 Dodge Dart as delivered and the value as warranted, and the remand to the trial court directed a redetermination of damages in accordance with such measure.

Upon remand, the plaintiff relied on his own testimony and the testimony of a friend, John Gaffney, to establish damages. The defendant offered no evidence. The trial

court awarded damages to plaintiff in the same amount as that imposed at the original trial—namely, $3,461.54 with interest from the date of sale. Upon such remand, the trial court, of course, had before it the transcript of the original trial which contained evidence concerning values pertaining to the 1971 Dodge. The trial court had a right to take judicial notice of the evidence admitted at the original trial in considering values and in redetermining damages. *Burke* v. *McKee,* 30 Ohio App. 236, 238; 21 Ohio Jurisprudence 2d 73, Evidence, Section 60.

The measure of damages applicable to the 1971 Dodge in this case, as we explained in the first appeal, is R. C. 1302.88(B) (Buyer's damage for breach in regard to accepted goods), which provides:

"The measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount."

At the remand hearing in the trial court, the plaintiff did not try to present evidence to establish the difference in value as prescribed by R. C. 1302.88(B). The trial judge, in reaching a judgment awarding damages in the sum of $3,461.54, representing the full purchase price, placed reliance entirely upon the last clause of R. C. 1302.88(B), which states:

"* * * unless special circumstances show proximate damages of a different amount."

The trial court, after hearing plaintiff and a friend testify, expressed concern with plaintiff's extensive preoccupation and efforts to have the defect in the Dodge remedied. Therefore, the trial court entered a judgment which states as follows:

"Upon consideration of the evidence and the law, the court finds that special circumstances show proximate damage in the sum of Three Thousand Four Hundred Sixty-one Dollars and Fifty-four cents ($3,461.54), with interest at six percent (6%) from May 4, 1971."

There is no evidence in the record of "special circum-

stances" within the meaning of R. C. 1302.88(B), upon which to base a damage award and to award judgment for the full purchase price to plaintiff. *Keystone Diesel Engine Co.* v. *Irwin* (1963), 411 Pa. 222, 191 A. 2d 376; *Dry Clime Lamp Corp.* v. *Edwards* (C. A. 5, 1968), 389 F. 2d 590; *Lewis* v. *Mobile Oil Corp.* (C. A. 8, 1971), 438 F. 2d 500, 507, 508; *Belcher* v. *Hamilton* (Ky. 1971), 475 S. W. 2d 483. The difference in value test is applicable to this case as prescribed in R. C. 1302.88(B).

These cited cases, in considering an award of damages as a proximate result of "special circumstances" under R. C. 1302.88(B), involve the sale of personal property with such factual elements as commercial use, a loss of profits by the buyer, and a situation where the buyer communicated to the seller at the time of sale sufficient facts to make it apparent that damages such as loss of profits subsequently claimed were within the reasonable contemplation of the parties, or involved a loss such as food spoilage because of a breach of warranty constituting a malfunction of a home appliance, or other direct expenses or monetary losses resulting from the breach. The present claim involves the sale of an automobile used solely for pleasure, with no commercial use, and containing none of the "special circumstances" contained in the foregoing cited cases.

R. C. 1302.88(C) provides:

"In a proper case any incidental and consequential damages under section 1302.89 of the Revised Code may also be recovered."

The pertinent part of R. C. 1302.89, to which reference is made in R. C. 1302.88(C), provides:

"(A) Incidental damages resulting from the seller's breach include expenses reasonably incurred in inspection, receipt, transportation, and care and custody of goods rightfully rejected, any commercially reasonable charges, expenses, or commissions in connection with effecting cover and any other reasonable expense incident to the delay or other breach.

"(B) Consequential damages resulting from the seller's breach include:

"(1) any loss resulting from general or particular re-

quirements and needs of which the seller at the time of contracting had reason to know and which could not reasonably be prevented by cover or otherwise * * *."

The record contains no evidence that would support any additional award for incidental or consequential damages under R. C. 1302.89 (Buyer's incidental and consequential damages); 48 Ohio Jurisprudence 2d 413-419, Sales, Sections 198-200; *Keystone Diesel Engine Co.* v. *Irwin, supra.* Thus, R. C. 1302.88(B) and (C) and R. C. 1302.-89, confine the measure of damages to which a buyer is entitled to direct expenses and loss of profits proximately resulting from a breach of warranty by the seller.

It is arguable that the record of the hearing upon remand to assess damages is inadequate even to determine the difference in value test as prescribed in R. C. 1302.88(B). Plaintiff and his friends did not testify as to values, at the time of the sale, for the 1971 Dodge as accepted and the value it would have had if it had been as warranted. It is doubtful that the friend, with no experience in any phase of the automotive field, had qualifications sufficient to testify concerning such values. 16 Ohio Jurisprudence 2d (Rev.) 229, Damages, Section 197.

The determination of damages by the trial court upon remand was contrary to the legal principles applicable and against the manifest weight of the evidence. Accordingly, the first and second assignments of error are well taken. The third assignment of error is not well taken.

The judgment of the Court of Common Pleas, rendered September 18, 1974, redetermining damages, is reversed and the cause is remanded for further proceedings to assess damages according to law, including the right of either party to produce further evidence on the issue.

*Judgment reversed.*

WILEY and POTTER, JJ., concur.