Bernice CASTELLO, Appellant,

v.

Frank CASTELLO, Appellee.

Motion No. A 4184.

Court of Civil Appeals of Texas, San Antonio.

Sept. 10, 1980.

James A. Kosub, Kosub, Langlois & Van Cleave, San Antonio, for appellant.

Sharon Trigo, Laredo, for appellee.

## OPINION

CADENA, Chief Justice.

On Motion to Compel Filing of Transcript and Statement of Facts.

The Clerk of this Court refused to file the record tendered by appellant because of appellant's failure to take the steps necessary to perfect her appeal within the time prescribed by the rules. Appellant has filed a motion asking that we compel the Clerk to file the record. The motion is overruled.

This is a divorce case in which the trial court rendered judgment on April 16, 1980. The decree, in addition to granting a divorce, contained provisions relating to the division of the property of the parties. Appellant timely filed a motion for new trial on April 21.

Under the provisions of Paragraph 4 of Rule 329b, Tex.R.Civ.P. (1977), the motion for new trial would be considered as being overruled by operation of law 45 days after it was filed in the absence of an order, rendered on or before the expiration of such 45–day period, disposing of the motion.

On June 5, 1980, the day on which the motion for new trial would have been overruled by operation of law, the trial court signed an order which was labeled "Modified Decree of Divorce." On June 23 the court signed an order purporting to overrule appellant's motion for new trial. This order recited that a hearing on such motion had been held on June 2, 1980. Appellant filed no motion for new trial following the rendition of the June 5 judgment.

Instead of filing an appeal bond, appellant, on July 14, made a cash deposit as permitted by Rule 354.

■ Appellant argues that the "modified decree of divorce" rendered on June 5 must be viewed as an order granting her motion for new trial, vacating the judgment previously rendered in April, and substituting the June 5 decree as the final judgment from which this appeal is taken. Assuming that appellant's contentions are correct, it is nevertheless clear that appellant failed to file an appeal bond or make a cash deposit in lieu of bond, within the 30–day period prescribed by Rule 356. Since the 30th day after rendition of the June 5 decree (July 5) fell on a Saturday, appellant, under Rule 4, would have been in compliance with the requirements of Rule 356 if she had given the required security on Monday, July 7.

■ The requirements of Rule 356 are jurisdictional and the period within which the required security must be given cannot be enlarged. Appellant's failure to comply with the requirements of Rule 356 is fatal and this Court has no jurisdiction to entertain her appeal. *Metal Enterprises, Inc., v. Don Love, Inc.,* 559 S.W.2d 90 (Tex.Civ. App.–Houston [1st Dist.] 1977, no writ). Under these circumstances the Clerk of this Court properly declined to file the record.

Appellant contends that her only motion for new trial, filed on April 21, must be considered as a prematurely filed motion which, under the provisions of Rule 306c, must be deemed to have been filed on June 5, the date of the modified decree, but subsequent to the rendition of such decree. Under this theory, the order of June 23, overruling appellant's motion for new trial, must be viewed as overruling the motion which we must consider as having been filed on June 5, and the computation of the time periods governing the required appellate steps must be calculated from June 23. This theory must be rejected.

In the absence of a motion for new trial, the judgment rendered on April 16 would have become final 30 days thereafter and could not be altered, modified or set aside by the trial court except by bill of review. *Reese v. Piperi*, 534 S.W.2d 329 (Tex.1976). The filing of the motion for new trial on April 21 had the effect of extending the trial court's power to set aside or modify the April 16 judgment until 30 days after the motion for new trial was overruled. Rule 329b(5). On June 5, the date on which the motion for new trial would have been overruled by operation of law in the absence of an order disposing of it, the modified decree was signed. The modification, therefore, was made during the period in which the trial court had control of the April 16 judgment. The effect of the June 5 order was to vacate or set aside the April 16 decree and substitute the modified judgment as the only appealable order in the case.

It cannot be held that the motion for new trial filed on April 21 had the effect of extending the period of control over the judgment by the trial court unless such motion is considered to have been filed within 10 days after rendition of the April 16 judgment. That judgment disposed of all issues and adjudicated the rights of all parties and was a final judgment in the sense that it was appealable. The motion for new trial filed five days after such appealable judgment cannot be considered to be a prematurely filed motion. Absent such timely filed motion, the modified decree rendered on June 5 would have been a nullity. The June 5 order depends on such motion for its validity.

When appellant relies on the April 21 motion for the purpose of extending the period during which the trial court could control its April 16 judgment, she has sapped that motion of all strength and energy. A motion so completely drained of its vital forces in the process of giving life to the June 5 order is incapable of producing further fruit.

■ In the absence of a motion for new trial complaining of the June 5 order, appellant was required to give the required security for appeal no later than Monday, July 7. Her failure to do so is fatal.

Appellant's motion to compel the Clerk of this Court to file the record tendered by appellant is overruled and the appeal is dismissed.