LANHAM ET AL., APPELLEES, *v.* SOLAR AMERICA OF CINCINNATI, INC., APPELLANT.

(No. CA85-07-013—Decided April 14, 1986.)

*James D. Brubaker,* for appellees.
*Droder & Miller Co., L.P.A.,* and *W. John Sellins,* for appellant.

*Per Curiam.* This cause came on to be heard upon an appeal from the Wilmington Municipal Court.

This case concerns the purchase of a supplemental home solar heating system by plaintiffs-appellees, Bobby and Shirley Lanham, from defendant-appellant, Solar America of Cincinnati, Inc. ("Solar America"). Our review of this case has been hampered by errors made in using the recording device at the trial proceedings. We, therefore, have only a partial transcript of the actual proceedings and no statement of the evidence (see App. R. 9) has been forthcoming.

From the partial transcript it appears that after the installation of a supplemental solar heating unit, appellees began to have problems. The first two units were replaced. The third unit had a problem with paint peeling.

It appears that appellees became so displeased with the overall performance of all three units that they demanded that appellant remove the unit from their house; and, when appellant failed to do so and appellant's sales manager failed or refused to return their calls, they filed an action *pro se* in which they demanded that their contract with Solar America be terminated. The trial court, to whom the case was tried without a jury, decided in favor of appellees. In its judgment entry the court indicated that Solar America breached its oral and written warranties to appellees. However, the relief awarded was revocation of acceptance of the goods and return of the *status quo ante*. The central focus of this suit is upon the propriety of the court's action in declaring the contract terminated.

Appellant raises two assignments of error. The first assignment of error reads as follows:

"The trial court erred to the prejudice of the defendant in holding that the defendant breached its warranty with respect to the solar energy unit."

A review of the trial court's judgment entry reveals the trial court found the buyers were entitled to cancel the contract, have a refund of monies paid to date, and be compensated to restore their roof to its pre-contract appearance. The apparent basis for the trial court's decision and grant of relief was a breach of warranty by the appellant. While appellant contends that there was no "objective" evidence of a defect in its product on which the court could make a determination that it breached its warranty to the Lanhams, appellees' counsel argues that "[h]owever inartistically worded, the requested remedy and the remedy actually granted [was] that of cancellation for material misrepresentation by defendant." We agree. For the reasons which follow we find appellant's first argument unpersuasive.

Whatever else the trial court's decision said or did, it permitted the Lanhams to revoke acceptance of goods sold to them by Solar America. R.C. 1302.66 (UCC 2-608) on revocation of acceptance provides:

"(A) The buyer may revoke his acceptance of a lot or commercial unit whose non-conformity substantially impairs its value to him if he has accepted it:

"(1) on the reasonable assumption its non-conformity would be cured and it has not been seasonably cured; or

"(2) without discovery of such non-conformity if his acceptance was reasonably induced either by the difficulty of discovery before acceptance or by the seller's assurances.

"(B) Revocation of acceptance must occur within a reasonable time after the buyer discovers or should have discovered the ground for it and before any substantial change in condition of the goods which is not caused by their own defects. It is not effective until the buyer notifies the seller of it.

"(C) A buyer who so revokes has

the same rights and duties with regard to the goods involved as if he had rejected them."

The transcript of proceedings here contains two warranty forms given the Lanhams. One warranty is in the form of a pledge that the purchaser of a solar unit will enjoy a twenty-five percent energy savings over his previous year's heating bill based on fuel consumption and that if such savings are not realized, Solar America will pay the homeowner up to $500 towards savings that he should have had. The second warranty is a standard warranty of the unit's materials and workmanship under normal use for five years.

Recently, the Ohio Supreme Court stressed the importance of statements made in warranties and even television commercials as providing a basis for consumer expectations of a product's performance in the context of strict liability in tort for personal injuries under the Restatement of the Law 2d, Torts (1965) 347, Section 402A. See *Leichtamer* v. *American Motors Corp.,* (1981), 67 Ohio St. 2d 456, 462 [21 O.O.3d 285]. While this is not a Section 402A case and no bodily injury is claimed, *Leichtamer* is significant in this case to the extent that it suggests consumers are legitimately entitled to have certain minimal expectations as to a product's performance. Furthermore, it suggests those expectations may properly be considered to arise from statements or warranties made to the consumer about the product. In this case, we feel the statements made in the warranties, whether breached or not, legitimately gave rise to certain expectations about the quality and performance of these solar units irrespective of whether the warranties were technically breached in any "objective" sense. Moreover, we feel reliance upon them was justified because they obviously formed part of the inducement to buy the unit.

Notwithstanding appellant's argument that no objective proof of a warranty breach existed, R.C. 1302.66 states a buyer is entitled to revoke acceptance where a product's non-conformity substantially impairs its value to him. Official Comment 2 to this section suggests that this is a subjective standard for the buyer.

The record reveals that two units were removed from the appellees' roof for unstated reasons and the paint on the outer skin of the third unit began to peel and chip. When this started, appellees called appellant for assurances of satisfaction but there was no answer. We believe that the first two units' poor performance, combined with the third unit's unprecedented (if one believes Solar America's "expert") chipping and peeling paint, together with appellant's sales manager's refusal to assure appellees immediately that he would stand behind his product, was justification for appellees to consider their solar unit's value to them to be substantially impaired irrespective of whether any warranty was actually breached. Thus, appellees were justified in concluding that the value of their solar unit to them was substantially impaired as contemplated by R.C. 1302.66.

R.C. 1302.66(B) requires that a buyer give the seller notice of revocation of acceptance within a reasonable time after the buyer discovers the grounds for it. However, the revocation is not effective until the buyer notifies the seller. Official Comment 4 addresses this requirement and states that notice of revocation of acceptance will generally follow attempts at adjustment of the problem, so the reasonable time requirement must include the time beyond the discovery of the non-conformity necessary to give notice following rejection of attempts to make an adjustment. On the first page of the partial transcript of these proceedings, Solar America's expert witness testified that, when he

came out to inspect the third unit, Mr. Lanham told him he was unhappy with its operation and wanted it removed from his house. Prior Ohio decisions have allowed oral notice of revocation and revocation of acceptance to be implied from conduct, *e.g.*, by filing a lawsuit. See *Konicki* v. *Salvaco, Inc.* (1984), 16 Ohio App. 3d 40, 43. We therefore have no problem concluding that Lanham's statements to Solar America's agents and his filing of a lawsuit in which he expressed his dissatisfaction with the unit and his desire that the unit be removed were an adequate expression of dissatisfaction and constituted notice of revocation of acceptance. Given that Solar America's general or sales manager refused to speak with Lanham and, in fact, sent out a repairman to see Lanham, we find the notice was given Solar America within a reasonable time after the third unit's non-conformity surfaced.

We therefore overrule the first assignment of error because we find from the evidence that the solar heating unit's performance history and its twice previous replacement, although all properly handled under Solar America's warranty with the Lanhams, nevertheless justified the Lanhams' belief that the value of their system was substantially impaired due to its non-conformity with that performance which they were led to expect by the product's warranties. The trial court was correct in holding the Lanhams were entitled to revocation of acceptance in this case although its judgment entry is less than textbook form.

Appellant's second assignment of error is:

"The trial court erred to the prejudice of the defendant in holding that the plaintiffs were entitled to damages based upon rescission of the contract based upon plaintiffs' claim of breach of warranty."

Since our disposition of the first assignment of error affirms the revocation of the acceptance of the equipment, we consider this assignment of error to be a contention that the trial court granted appellees more relief than they were entitled to. Therefore, appellant's reliance on *Eckstein* v. *Cummins* (1975), 46 Ohio App. 2d 192 [75 O.O.2d 341], is misplaced.

R.C. 1302.66(C) provides that upon rightful revocation of acceptance, the buyer has the same rights as a buyer who rightfully rejects. R.C. 1302.85(A) provides that a buyer who rightfully rejects may cancel the contract and recover so much of the purchase price as he has paid. Thus, the decision of the trial court cancelling the contract and ordering the refund of sums paid to appellant was proper.

R.C. 1302.89(A) allows the buyer of goods whose acceptance has been rightfully revoked to recover as damages for the breach any reasonable expense incidental to the breach. We find restoration of the roof to its status before the solar unit was placed there to be a reasonable incidental expense. We find support in the transcript for the amount awarded in the testimony of Lanham and thus find no error in this award. *Lloyd* v. *Classic Motor Coaches, Inc.* (N.D. Ohio 1974), 388 F. Supp. 785.

We therefore overrule the second assignment of error.

The assignments of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.

*Judgment affirmed.*

KOEHLER, P.J., and HENDRICKSON, J., concur.

JONES, J., dissents.

JONES, J., dissenting. I respectfully dissent.

The majority has taken the action at bar and construed it in terms of a

buyer's action to revoke acceptance of goods sold as opposed to an action for breach of warranty. This conclusion is reached despite plaintiffs' complaint and the trial court's judgment entry, both of which are based upon an alleged breach of warranty on the part of the seller, Solar America.

The complaint alleges that the system has failed to produce the twenty-five percent reduction in electrical heating costs as promised by the warranty in Solar America's fuel savings pledge. The complaint further alleges that the solar unit is peeling contrary to the five-year warranty which represented that the unit would not "rot, rust, peel, flake or blister." The trial court makes reference to these specific factors in its judgment entry, concluding that "the panels have not lived up to either the oral or written warranties."

It appears that the plaintiffs accepted a monetary payment from Solar America after the panels failed to produce the promised twenty-five percent reduction in heating costs. Plaintiffs were apparently satisfied enough with the system to accept Solar America's money in exchange for the lack of projected fuel savings and apparently did not find the panels' performance unacceptable to the point where they no longer wanted the system until such time as the third unit's peeling problem occurred.

The majority has interpreted the plaintiffs' action as one to revoke acceptance of goods under R.C. 1302.66. The pleadings and the trial court's judgment entry clearly do not support such an interpretation. Plaintiffs have accepted non-conforming goods. When the non-conforming nature of the goods became apparent, *i.e.,* the failure to reduce heating costs by twenty-five percent, plaintiffs sought relief under their warranty rights, accepted Solar America's tendered money, and still retained the solar panels.

Plaintiffs accepted the goods and when the goods failed to continue to conform to Solar America's express written warranties, plaintiffs initiated the action currently under consideration. In such an action:

"The measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount." R.C. 1302.88(B); *Eckstein* v. *Cummins* (1975), 46 Ohio App. 2d 192 [75 O.O.2d 341].

The difference in value of the panels as accepted and the value they would have had if they had been as warranted was that amount paid by Solar America to plaintiffs for the panels' failure to produce the promised reduction in heating costs. An action for breach of warranty does not contemplate a rescission of the contract of sale and a refund of the amounts expended on that contract. And if such a remedy is to be permitted, is not Solar America entitled to a refund or, at the very least, a reduction for the amount it has paid to plaintiffs?

Even if the panels have not performed in producing reduced heating costs as promised, there has been no demonstration that Solar America has otherwise failed to conform with its warranty to compensate plaintiffs for the system's inability to produce the promised results. If a warranty has been breached herein, it involves that warranty concerning material and workmanship which guaranteed against the system's peeling, a problem that can be corrected by far less than a revocation of the entire contract.

I would find both assignments of error to be well-taken and would reverse the trial court's decision. Plaintiffs should be entitled to recover damages arising from a breach of warranty. However, an action of this nature does

not contemplate a rescission of the contract itself and a full refund of all monies expended on the contract.

Accordingly, I dissent.