EVANS, Appellee,

v.

CHEEK, d.b.a. Portsmouth Body Shop, Appellant.

[Cite as *Evans v. Cheek* (1989), 65 Ohio App.3d 535.]

Court of Appeals of Ohio,
Scioto County.

Nos. CA–1743, CA–1763.

Decided Dec. 7, 1989.

William T. Marshall, for appellee.

Bannon, Howland & Dever and Robert R. Dever, for appellant.

HARSHA, Judge.

This is an appeal from an action instituted by plaintiff-appellee William Evans against defendant-appellant Gary Cheek, d.b.a. Portsmouth Body Shop, for negligence, fraud, breach of express warranty, and violations of Ohio's Consumer Sales Practices Act,[1] Odometer Rollback and Disclosure Act,[2] and

---

1. For violations of the Consumer Sales Practices Act, appellant would be liable for an amount equal to three times appellee's damages or $200, whichever is greater.

2. For violations of the Odometer Rollback and Disclosure Act, appellant would be liable for an amount equal to three times appellant's damages or $1,500, whichever is greater.

Deceptive Trade Practices Act.[3] The matter was submitted to the trial court following hearings on March 19, June 10, and November 10, 1987. The court, in its entry filed May 10, 1988, found that appellant's conduct in the sale of the van resulted in a violation of the Consumer Sales Practices Act, the Odometer Rollback and Disclosure Act, and the Deceptive Trade Practices Act. The court awarded damages to appellee in the sum of $13,500, the actual damages trebled, and reasonable attorney fees in the sum of $800.

Appellant asserts the sole assignment of error:

"The court erred in permitting the testimony of a purported expert in establishing the value of the vehicle which is the subject matter of this lawsuit."

As his demand for relief, appellant requests that this court remand the matter to the trial court on the issue of damages only. We find appellant's assignment of error to be well taken and accordingly sustain it.

The question before this court is whether the trial court properly considered the testimony of appellee's expert when addressing the issue of damages. This is essentially a sale of goods case. Appellee purchased a van from appellant for $7,000. As evidenced by testimony, the van was not of the quality as represented by appellee. The court held that appellant's conduct resulted in the violation of several Ohio statutes. When the trial court assessed damages it used the following formula: present value of the van ($500) plus use value ($2,000) offset against the original cost ($7,000). The court ultimately held that appellee's damages were $4,500. It, then, trebled that amount and awarded appellee $13,500 plus reasonable attorney fees of $800.

Since the underlying transaction is a sale of goods, we find that the proper and more easily articulated measure of damages is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had as warranted. R.C. 1302.88; *Eckstein v. Cummins* (1975), 46 Ohio App.2d 192, 75 O.O.2d 341, 347 N.E.2d 549. Appellant does not argue that the purchase price of the van could not be introduced as evidence of the value the van would have had if it had been as warranted. The contested issue is whether the court had before it evidence of the value of the van as accepted.

As evidence of the value of the van as accepted, appellee presented the testimony of a Mr. Humphrey, a purported expert, as to the value of the van

---

3. For violations of the Defective Trade Practices Act, appellant could be subjected to an injunction plus payment of reasonable attorney fees.

on the hearing date, March 19, 1987, as well as appellee's testimony that the van was in basically the same condition as when he first received it. Appellee contends this evidence is sufficient to show the van's true value at the time of acceptance, some sixteen months prior to trial. The only evidence before the court being the evidence of value at the time of trial and the evidence that the condition of the van was essentially unchanged, there is insufficient evidence to support the verdict.

We find that the testimony of the expert witness was considered improperly by the court. Testimony of the value of the van sixteen months after delivery and acceptance is too remote in time to be competent.

This specific issue has not been addressed by an Ohio court. Therefore, we have looked to other jurisdictions for guidance. When presented with a similar issue, North Carolina courts have held:

"Where the value of personal property at a given point in time is in issue, evidence of its value within a reasonable time before or after such point is competent as bearing upon its value at the time in issue. *Newsome* [*Newsom*] *v. Cothrane,* 185 N.C. 161, 116 S.E. 415 (1923). Evidence of the property's value beyond a reasonable time before or after that point lacks probative force and is incompetent. *Highway Comm'n v. Hartley,* 218 N.C. 438, 11 S.E.2d 314 (1940) (real property)." *Tennessee–Carolina Transportation, Inc. v. Strick Corp.* (1974), 286 N.C. 235, 210 S.E.2d 181 (holding that trade-in value of trailers six years after delivery and acceptance was too remote in time to be competent).

In *Uganski v. Little Giant Crane & Shovel, Inc.* (1971), 35 Mich.App. 88, 192 N.W.2d 580, the court addressed the issue of the proper evidence to prove the value of goods after acceptance. The court determined that the resale of a crane two years after acceptance was not competent evidence as it did not measure the crane's true cash value on the date of the notice of revocation of acceptance. In addressing the same issue in *Overseas Motors Corp. v. First Century Christian Church, Inc.* (Tex.App.1980), 608 S.W.2d 238, the Texas Court of Appeals conclusively held that, absent evidence of the value of an automobile at the time of acceptance, the evidence of value at the time of trial is insufficient to support a verdict establishing the difference between the value of the automobile as accepted and the value it would have had as warranted.

After considering the rationale and holdings in the above-cited case, we sustain appellant's assignment of error asserting that the expert witness's testimony was not relevant in that his testimony as to salvage value of the van sixteen months and many miles of use after the acceptance was too remote to be competent evidence of the value of the van when it was accepted.

Appellee did attempt to bolster the expert's testimony with appellee's testimony that the van was in substantially the same condition on the date of trial as when he accepted it in December 1985. While we cannot say that this is no evidence, we are of the opinion that it is insufficient evidence to support the verdict.

We remand the cause to the trial court for further proceedings on the issue of damages.

*Judgment reversed*
*and cause remanded.*

HOMER E. ABELE, J., concurs.

GREY, J., dissents.

GREY, Judge, dissenting.

I would hold that plaintiff's proof, while weak, is sufficient if the trial court found the expert to be credible. In this case, the fraud was discovered many months after the vehicle was sold and delivered. If one cannot use expert testimony to give an opinion as to what the car was worth at the time of sale, how can a defrauded plaintiff ever prove such value? The majority holds that plaintiff's expert's testimony "was too remote to be competent * * *." I would ask: If this is not competent evidence, what is competent to prove value?

The Rules of Evidence, specifically Evid.R. 401, speak to relevancy and not to competency. Relevant evidence is that evidence having any tendency to make the existence of a fact more probable or less probable. The expert's opinion here tends to make the value of the car at the time of delivery more probable as a fact. The problem of remoteness in time, the present condition, etc., all go to credibility, not relevancy.

My ultimate objection is this. Appellee rolled back the odometer, violated the statute, and committed a fraud. The trial court found this to be true. This court did not disturb that finding of fraud. However, this court holds:

"Testimony of the value of the van sixteen months after delivery and acceptance is too remote in time to be competent."

Inexplicably, the majority goes on to remand for a hearing on damages only. If the measure of damages is "the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had as warranted," and if, "[t]estimony of the value of the van sixteen months after delivery and acceptance is too remote in time to be competent,"

then what is to be done on remand? Plaintiff-appellee cannot prove his case. Defendant-appellant has committed a fraud and he is getting away with it.

Thus, I dissent.