BREINING, Appellee and Cross–Appellant,

v.

TRIMBLE, Admr., et al., Appellants and Cross–Appellees.

[Cite as *Breining v. Trimble* (1995), 107 Ohio App.3d 740.]

Court of Appeals of Ohio,
First District, Hamilton County.

Nos. C–940413, C–940417.

Decided Dec. 13, 1995.

*Hermanies, Major, Castelli & Goodman* and *R. Lanahan Goodman,* for appellee and cross-appellant.

*Betiy D. Montgomery,* Attorney General, and *William D. Haders,* Assistant Attorney General, for appellant and cross-appellee Bureau of Workers' Compensation.

*Dinsmore & Shohl* and *Michael H. Strong,* for appellant and cross-appellee Mayers Electric Co., Inc.

---

PAINTER, Judge.

On October 14, 1991, plaintiff Thomas Breining was installing two-foot-by-two-foot circuit breakers in an elevated substation with Ottis Carpenter and Tim Leugering for defendant Mayers Electric Company ("Mayers") at the General Electric Aircraft Engines Plant in Cincinnati, Ohio. After the three men hauled up a circuit breaker to the substation floor, Carpenter and Leugering diverted their attention from Breining. Breining alleged that he next stepped back and to the side, became entangled in some tools, stumbled, then fell forward and struck his head on the circuit breaker. Carpenter and Leugering did not hear or see anything unusual as they let the hoisting chain fall back down from the substation, until they noticed Breining leaning over the circuit breaker, exhibiting seizure activity as he began to fall. Carpenter caught Breining before he fell, and lowered him to the substation floor.

Breining was taken by ambulance to Bethesda Hospital, where he was diagnosed as having a grand mal seizure. Breining filed a workers' compensation claim against Mayers, alleging that he suffered compensable injuries of laceration above the left eye, concussion and seizure disorder. This claim was allowed for the laceration, but denied for the concussion and seizure disorder by the Industrial Commission. Breining brought an action against Mayers and the Bureau of Workers' Compensation ("BWC"). Following a four-day trial, the jury found that Breining sustained the conditions of concussion and seizure disorder in the course of his employment with Mayers and should be allowed to participate in the Workers' Compensation Fund.

Mayers and BWC moved for a judgment notwithstanding the verdict, or, in the alternative, for a new trial. The trial court denied these motions. Mayers and BWC appealed the judgment and Breining cross-appealed.

Mayers and BWC assert three assignments of error, alleging that the trial court erred by (1) failing to grant their motion for a directed verdict; (2) improperly admitting stricken portions of the testimony of James Anthony, M.D.; and (3) admonishing the jurors to come to a verdict and informing them of settlement discussions between the parties.

In his sole assignment of error on cross-appeal, Breining argues that the trial court erred by excluding the portion of his expert witness's videotaped testimony regarding proximate cause.

We will address these assignments in the order that makes sequential sense: the assignment on cross-appeal, the second assignment on appeal, the first assignment on appeal and, finally, the third assignment on appeal.

In the sole assignment of error on cross-appeal, Breining argues that the trial court abused its discretion by excluding the video testimony of Dr. James Anthony regarding the proximate cause of the injuries. The testimony was excluded on the sole basis that it was given in response to a leading question.

 A trial court's ruling that certain evidence will be admitted or excluded from trial will not be reversed absent a showing of a clear and prejudicial abuse of discretion. *O'Brien v. Angley* (1980), 63 Ohio St.2d 159, 17 O.O.3d 98, 407 N.E.2d 490. An abuse of discretion involves more than an error in judgment; it implies that the court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140.

In this case, the trial court excluded testimony from a video deposition crucial to demonstrating proximate causation based on nonspecific objections made by BWC's counsel. At trial, the court sustained the objections solely on the basis that the question was leading.

The excluded testimony at issue was:

"Q: Doctor, at that time, having taken a history, having done a physical examination, and based on your education, training and experience, in your opinion with reasonable medical probability what was your diagnosis as to the neurological injuries, if any, that Tom [Breining] sustained at work on October 14, 1991?

"MR. HADERS: OBJECTION.

"A: Well, it was my conclusion that this patient had suffered a concussion and that in relation to that concussion had a seizure, and in fact at the point that I first saw him it appeared that he was having, or he was at risk of having further seizures I should say, and so that I thought he needed to be maintained on medication."

 We find nothing wrong with the form of the excluded question. It is certainly not leading. Additionally, the opportunity to have this testimony considered by the jury was crucial to Breining's case. We hold that the exclusion of the video testimony was unreasonable and would have been clearly prejudicial had the jurors not inadvertently watched the testimony. Therefore, the exclusion of the video testimony was an abuse of discretion. The trial court should have overruled the general objection. We sustain the assignment of error on cross-appeal.

Mayers and BWC argue that it was reversible error for the trial court to allow the jury to hear evidence that the trial court had otherwise ruled inadmissible. In this case, the court inadvertently allowed the jury to hear the video testimony of Dr. Anthony discussed above. The judge inexplicably left the courtroom while the excluded testimony was shown, and thus prevented BWC from making a timely objection. We have already stated that this testimony should have been admitted. Therefore, we hold that the second assignment of error on appeal is rendered moot by our ruling on the cross-appeal. Accordingly, we decline to address the second assignment of error on appeal pursuant to App.R. 12(A)(1)(c).

■ Mayers and BWC argue that Breining failed to satisfy his burden of proof by failing to provide competent medical evidence that his seizure disorder was directly and proximately caused by a work-related injury. However, once Dr. Anthony's testimony was admitted, competent medical evidence that a work-related injury caused Breining's seizure disorder was provided to the jury. Again, our ruling on the cross-appeal is controlling. Therefore, we again hold that our ruling on the cross-appeal renders moot the first assignment of error on appeal, and we decline to address it pursuant to App.R. 12(A)(1)(c).

Mayers and BWC assert that the trial judge abused his discretion when he admonished the jury to reach a verdict after the jury had informed the judge that it was deadlocked, and that reversible error occurred when the trial judge informed the jury that the parties had been and were still involved in settlement discussions.

■ Neither Mayers nor BWC objected to these comments; therefore, the standard of review for this assignment is "plain error." Civ.R. 51(A); *State v. Wickline* (1990), 50 Ohio St.3d 114, 552 N.E.2d 913; *State v. Landrum* (1990), 53 Ohio St.3d 107, 111, 559 N.E.2d 710, 717. Absent an objection, the trial court is not given an opportunity to give corrective instructions as to the error. *State v. Wade* (1978), 53 Ohio St.2d 182, 188, 7 O.O.3d 362, 365–366, 373 N.E.2d 1244, 1248.

■ Plain error is only recognized where, but for the error, the result of the trial would have clearly been otherwise. *State v. D'Ambrosio* (1993), 67 Ohio St.3d 185, 191, 616 N.E.2d 909, 915, citing *State v. Long* (1978), 53 Ohio St.2d 91, 7 O.O.3d 178, 372 N.E.2d 804, paragraph two of the syllabus; *State v. Moreland* (1990), 50 Ohio St.3d 58, 62, 552 N.E.2d 894, 899; *State v. Watson* (1991), 61 Ohio St.3d 1, 6, 572 N.E.2d 97, 103.

■ Plain error should be found in civil cases only under exceptional circumstances to prevent a manifest miscarriage of justice. *Cleveland Elec. Illum. Co. v. Astorhurst Land Co.* (1985), 18 Ohio St.3d 268, 275, 18 OBR 322, 327–328, 480 N.E.2d 794, 800–801.

██ The admonishment made by the judge does not rise to the level of plain error as described above because the result of the trial would not clearly have been otherwise absent the comments.

However, the disclosure of settlement discussions appears to have seriously altered the course of jury deliberations. The jury failed to return a verdict after one and a half days of deliberations. Once the settlement discussions were disclosed to the jury, it reached a verdict only twelve minutes later.

██ Evid.R. 408 prohibits the disclosure of settlement discussions to juries to prevent the prejudicial effect of allowing the jury to make an impermissible causal link. We hold that this blatant violation of Evid.R. 408 constitutes plain error. See Evid.R. 408; *Fireman's Fund Ins. Co. v. BPS Co.* (1985), 23 Ohio App.3d 56, 23 OBR 101, 491 N.E.2d 365. Therefore, we sustain the third assignment of error.

Based on the above determinations, we sustain the assignment of error in case No. C–940417, sustain the third assignment of error in case No. C–940413, and decline to review the first and second assignments of error in case No. C–940413 because our ruling on the cross-appeal is dispositive. Accordingly, we reverse the judgment of the trial court and remand the cause for new trial.

*Judgment reversed*
*and cause remanded.*

GORMAN, P.J., and MARIANNA BROWN BETTMAN, JJ., concur.