[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Plaintiff-appellant, R.T. Express, Inc., appeals the judgment of the Hamilton County Court of Common Pleas dismissing its claims against defendant-appellee, Peterbilt of Cincinnati, Inc., on the basis of the statute of limitations. For the following reasons, we affirm the judgment in part, reverse it in part, and remand the cause for further proceedings.
In December 1999, R.T. Express entered into a purchase contract with Peterbilt for a medium duty truck. On December 15, 2000, R.T. Express filed a complaint alleging that the truck was defective. The complaint contained causes of action for revocation of acceptance, breach of contract, promissory estoppel, breach of express warranty, breach of the implied warranty of merchantability, and breach of the implied warranty of fitness for a particular purpose. According to the complaint, R.T. Express took possession of the truck "on or about December 3, 1999." A copy of the sales contract appended to R.T. Express's amended complaint indicated that the sale had occurred on December 3, 1999, and that the date of delivery of the vehicle was actually December 10, 1999.
Peterbilt filed a motion to dismiss the claims. According to Peterbilt, the parties had agreed to a one-year statute of limitations under R.C. 1302.98, and the filing of the complaint was beyond the one-year period. The trial court granted the motion and dismissed all of the claims.
On appeal, R.T. Express now argues, in a single assignment of error, that the trial court erred in granting the motion to dismiss. A motion to dismiss on the basis of the statute of limitations is to be granted only where the complaint conclusively shows on its face that the action is time-barred.[1]
In the case at bar, R.T. Express concedes that the parties had agreed to the one-year statute of limitations for contract and warranty actions set forth in R.C. 1302.98. It argues, though, that the trial court erred in determining that the tender of delivery of the truck occurred, at the latest, on December 10, 1999. We disagree.
Pursuant to R.C. 1302.98(B), a breach of warranty generally occurs when tender of delivery is made.[2] Here, the contract, which was appended to the amended complaint pursuant to Civ.R. 10, stated that the tender of delivery had occurred on December 10, 1999. Further, the complaint itself stated that the tender of the truck had occurred "on or about December 3, 1999." And while R.T. Express argues that its use of the term "on or about" permitted the inference that the tender of the goods could have occurred as late as December 15, 1999, we find no support for that argument. The face of the documents submitted to the trial court established that the tender of delivery was before December 15, 1999, and we find no error in the court's determination that the tender of delivery occurred before that date.
R.T. Express next argues that, even if the trial court's determination of the date of tender of delivery was correct, its dismissal of the warranty claims was erroneous. We find this argument to be well taken in part. Pursuant to R.C. 1302.98(B), there is an exception to the rule that a breach occurs upon tender of delivery "where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance." In such a case, "the cause of action accrues when the breach is or should have been discovered."[3]
In the case at bar, the warranty included in the sales contract did extend to the future performance of the truck. The warranty included a schedule of items that were warranted for a particular period of time. For example, the "basic vehicle" was warranted for a period of twelve months, the transmission was warranted for twenty-four months, and the frame was warranted for thirty-six months. Given these warranty provisions, any breach of the express warranty would have occurred at the time of discovery of the defects, rather than at the time of tender of delivery.[4] Accordingly, the trial court erred in dismissing the claim for breach of express warranty, as the face of the complaint did not establish that the claim was filed more than one year after discovery of the asserted defects.
Nonetheless, we hold that the trial court correctly dismissed the claims for breach of implied warranty. As we stated in Beck, "implied warranties, by their very nature, cannot `explicitly' extend to future performance."[5] The causes of action for implied warranty therefore accrued on the date of tender of delivery of the truck and were barred under R.C. 1302.98.
R.T. Express next argues that the dismissal of the breach-of-contract and promissory-estoppel claims was erroneous. It argues that those claims were not subject to the rule for warranty claims, that the limitations period begins to run upon tender of delivery. We are not persuaded. Under the causes of action for breach of contract and promissory estoppel, R.T. Express merely restated that the truck was delivered in a defective state and that Peterbilt had not remedied the defects. We find no error in the dismissal of those claims, because they were subsumed in the warranty claims.
Finally, R.T. Express argues that its claim for revocation of acceptance was improperly dismissed, because that claim was not subject to the one-year limitations period set forth in R.C. 1302.98. We agree. R.C. 1302.66 provides that revocation of acceptance must occur "within a reasonable time" after the discovery of the grounds for revocation.[6]
Because the face of the complaint did not establish that R.T. Express's attempts to revoke acceptance occurred after a reasonable period of time, the trial court erred in dismissing that cause of action.
For the foregoing reasons, we sustain, in part, the assignment of error. Although the dismissal of the claims for breach of implied warranties, promissory estoppel and breach of contract were properly dismissed, the court erred in dismissing the claims for breach of express warranty and revocation of acceptance. Accordingly, the judgment of the trial court is affirmed in part and reversed in part, and the cause is remanded for further proceedings consistent with law.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Gorman, JJ.
[1] Velotta v. Leo Petronzio Landscaping, Inc. (1982), 69 Ohio St.2d 376,433 N.E.2d 147, paragraph three of the syllabus.
[2] See Beck v. Trane Co. (Dec. 19, 1990), 1st Dist Nos. C-890610 and C-890623.
[3] R.C. 1302.98(B). See, also, Beck, supra.
[4] See, e.g., Standard Alliance Industries, Inc. v. Black Clawson Co.
(C.A.6, 1978), 587 F.2d 813, 821 (warranty extended to future performance where defendant expressly warranted machine for one year); Adams v.Primax Window Co. (Aug. 9, 1999), 12th Dist No. CA99-01-004 (discovery rule applied where windows warranted for fifty years).
[5] See Beck, supra.
[6] See Lanham v. Solar America of Cincinnati, Inc. (1986),28 Ohio App.3d 55, 57, 501 N.E.2d 1245 ("the reasonable time requirement must include the time beyond the discovery of the non-conformity necessary to give notice following rejection of attempts to make an adjustment.")